**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VANESSA ADELA ROMERO REYES,

Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANSUNION
LLC, EQUIFAX INFORMATION
SERVICES LLC,

Defendant.

Case No. 6:25-CV-01068-PGB-LHP

**EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**MOTION TO EXTEND DISPOSITIVE MOTION CUTOFF DEADLINE**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through undersigned counsel, and pursuant to Rules 6(b) and 16 of the Federal Rules of Civil Procedure, respectfully request an extension of the dispositive motion deadline set forth in the Court's May 12, 2026 Third Amended Case Management and Scheduling Order ("Third Amended Scheduling Order"), and states:

1.      On May 12, 2026, this Court granted the parties' Joint Motion to Extend Dispositive Motion Deadline, amended the Court's April 17, 2026 Second Amended Case Management and Scheduling Order, and issued the operative Third Amended Scheduling Order. [ECF Nos. 79-81]. The parties jointly requested the extension in order to coincide with a prior joint extension of the discovery deadlines.

2.      Pursuant to the Court's Third Amended Scheduling Order, dispositive, *Daubert*, and *Markman* motions are presently due on July 6, 2026. [ECF No. 81].

3.      Experian respectfully requests a 15-day extension of the dispositive motion deadline to and including July 21, 2026.

4.      Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). A court's decision to grant or deny a motion for extension of time is committed to the court's sound discretion.

5.      Additionally, Rule 16(b)(4) specifically allows the modification of a scheduling order when good cause is shown.

6.      Good cause exists here because Experian's undersigned counsel was only recently retained in this matter (after the entry of the Third Amended Scheduling Order). The undersigned needs additional time to research and prepare a dispositive motion and explore the possibility of settlement (the other two CRA defendants recently settled with the Plaintiff according to Notices of Settlement filed with the Court within the past two weeks).

7.      The Plaintiff filed a 106-page Complaint with 29 separate exhibits that includes  claims under the Fair Credit Reporting Act and Sherman Act against

2

Experian. [ECF No. 1]. The undersigned counsel did not appear in this case until June 1, 2026, and did not have the benefit of participating in discovery or attending the April 27, 2026 mediation. [ECF No. 92]. To engage in meaningful settlement discussions, the undersigned counsel must investigate the specific allegations concerning the accounts at issue and review its internal records regarding the consumer disputes submitted by Plaintiff. This time-consuming investigation is necessary before Experian can adequately address Plaintiff's claims, conduct settlement discussions and evaluate whether a dispositive motion is appropriate.

8.      This is Experian's first request for an extension of time in this matter. All previous requests to extend deadlines in this case were jointly filed by all parties or filed by different parties. [ECF Nos. 18, 57, 62, 67, 76, 79]. Additionally, this is the second request to extend the deadline for dispositive motions in this case. [ECF No. 79]. The undersigned counsel had not yet appeared when the parties jointly filed the first request to extend the dispositive motion deadline. [*Id.*].

9.      This motion is timely, made in good faith, not for purposes of delay, and granting it will not prejudice any party.

10.     The requested 15-day extension is limited and will not require changes to any other deadline in the Court's Third Amended Scheduling Order. The Joint Pretrial Statement is not due to be filed until October 19, 2026, the Final Pretrial Conference is scheduled for November 17, 2026, and the trial term begins December

3

1, 2026. These deadlines will remain unchanged, and no party will be prejudiced by this brief extension.

11.     Accordingly, for the good cause set forth above, Experian respectfully requests that this Court extend the dispositive motion deadline in this proceeding for 15 days, until July 21, 2026.

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully requests that the Court enter an Order granting this motion and providing Experian with an extension of time, up to and including July 21, 2026, to file a dispositive motion.

## Local Rule 3.01(g) Certificate

Counsel for the movant has conferred with the Pro Se Plaintiff, and the Plaintiff does not consent to the relief requested in this motion.

Dated June 30, 2026.                            Respectfully submitted,

VENABLE LLP
*Attorney for Experian Information Solutions, Inc.*
801 Brickell Avenue, Suite 1500
Miami, Florida 33131
Telephone: (305) 349.2300
Facsimile: (305) 349.2310

By:  /s/ *Patrick T. Kalbac*
      Patrick T. Kalbac
      Florida Bar No. 1011649
      ptkalbac@venable.com

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2026, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that I served the following by U.S. mail:

Vanessa Adela Romero Reyes, *plaintiff pro se*
4859 Cherokee Rose Drive
Orlando, Florida 32808

                              /s/ *Patrick T. Kalbac*
                              Patrick T. Kalbac, Esq.
                              Florida State Bar No. 1011649
                              *Counsel for Experian Information*
                              *Solutions, Inc.*