# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

VANESSA ADELA ROMERO REYES,

    *Plaintiff,*

v.

EXPERIAN INFORMATION             Case No. 6:25-cv-01068-PGB-LHP
SOLUTIONS INC., et al.,

    *Defendants.*

_____/

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S, STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant Experian Information Solutions, Inc. ("Experian"), by and through undersigned counsel, and pursuant to Section H(1) of this Court's Case Management and Scheduling Order (ECF No. 42), submits this Statement of Undisputed Material Facts:

1. Plaintiff filed this action on June 17, 2025, alleging violations of the Fair Credit Reporting Act and the Sherman Antitrust Act. (Compl., ECF No. 1)

2. A true and correct copy of Plaintiff's Responses to Experian's Requests for Production is attached as **Exhibit "A"**.

3. A true and correct copy of Plaintiff's Responses to Experian's Interrogatories is attached as **Exhibit "B"**.

1

4.      A true and correct copy of Plaintiff's Responses to Experian's Requests for Admission are attached as **Exhibit "C"**.

5.      Plaintiff proceeds pro se and has not retained any expert witnesses in this action. (Ex. A at Nos. 6 & 7).

6.      Plaintiff disputes the following accounts on her Experian credit report: (a) Capital One (Account No. ending 4693, charge-off); (b) Navy Federal Credit Union (Account No. ending 1150 ); (c) Navy Federal Credit Union (Account No. ending 1696); (d) U.S. Department of Education (Account No. ending 4681, alleged duplicate); (e) Midland Credit Management (Account No. beginning 3275); and (f) Resurgent/LVNV Funding (Account No. ending 4256). (Compl. ¶¶ 6-9, ECF No. 1-1; Compl. Ex. D, ECF No. 1-6.; Ex. B No. 12).

7.      Plaintiff submitted written disputes to Experian in 2023 on May 17, 2023, July 4, 2023, August 16, 2023, and October 2, 2023.

8.      True and correct copies of the written disputes are attached as **Composite Exhibit "D"**.

9.      The four written dispute letters sent to Experian in 2023 disputed two U.S. Department of Education Accounts and a Jefferson Capital Systems Account. (Ex. D).

2

10. The four written dispute letters sent by Plaintiff to Experian in 2023 include the Plaintiff's name, address, email address, date of birth, social security number, and a copy of Plaintiff's driver's license. (Ex. D).

11. No other documents were attached to, or included with, Plaintiff's 2023 written dispute letters. (Ex. D).

12. Experian provided responses to the four written dispute letters on June 7, July 24, September 1, and October 23, 2023. (CDF REPORT #s 1276-9571-25, 2023-3077-77, 3117-5227-41, 2465-4427-19).

13. On November 5, 2024, Plaintiff opened a dispute for the LVNV Funding account (No. 444796267436) on the Experian App.

14. Plaintiff did not include or attach any documents for the LVNV Funding account dispute on November 5, 2024.

15. On November 26, 2024, Experian forwarded Plaintiff's LVNV Funding dispute to Resurgent Capital Services LP; the furnisher verified consumer information and updated the account. (CDF REPORT # 2237-3472-26; ACDV No. 2237347226001)

16. On December 9, 2024, Plaintiff opened another dispute for the LVNV Funding account (No. 444796267436) account on the Experian App.

17. Plaintiff did not include or attach any documents for the LVNV Funding account dispute on December 9, 2024.

18.    On December 16, 2024, the LVNV Funding LLC account (No. 444796267436) was deleted from Plaintiff's credit file. (CDF REPORT # 0828-4771-36)

19.    On December 18, 2024, Plaintiff opened a dispute for the Midland Credit Management account (No. 32756) on the Experian App.

20.    Plaintiff did not include or attach any documents for the Midland Credit Management account (No. 32756) dispute on December 18, 2024.

21.    On January 7, 2025, Plaintiff opened a dispute for the Capital One account (No. 515676774693).

22.    Plaintiff did not include or attach any documents for the Capital One account (No. 515676774693) dispute on January 7, 2025.

23.    On January 9, 2025, the Midland Credit Management account (No. 32756) was updated after the furnisher responded, "Consumer's dispute not specific. Consumer Information verified." (CDF REPORT # 0044-1225-22; ACDV No. 0044122522001)

24.    Plaintiff sent a written dispute letter dated January 9, 2025, to Experian via certified mail (No. 9589071052702054040237). (Compl. Ex. D, ECF No. 1-6).

25.    The January 9, 2025 letter includes Plaintiff's name and address. (Compl. Ex. D, ECF No. 1-6).

26. The January 9, 2025 letter does not include Plaintiff's date of birth, social security number, a copy of a government-issued identification card, or any other documents. (Compl. Ex. D, ECF No. 1-6).

27. The January 9, 2025 letter was delivered to Experian's Allen, Texas, facility on January 15, 2025. (Compl. Exs. C, ECF Nos. 1-5).

28. The January 9, 2025 letter disputed a Capital One tradeline, LVNV Funding tradeline, two Navy Federal account tradelines, two U.S. Dept. of Education account tradelines, and the Midland Credit Management tradeline. (Compl. Ex. D, ECF No. 1-6).

29. On January 27, 2025, Plaintiff submitted a complaint with the Consumer Financial Protection Bureau. (Compl. Ex. F, ECF No. 1-8).

30. On January 29, 2025, the Capital One account (No. 515676774693) was verified and updated after the furnisher responded, "Information accurate as of last submission." (CDF REPORT # 2900-7484-84; ACDV No. 2900748484001).

31. On January 31, 2025, the Midland Credit Management account (No. 32756) was deleted from Plaintiff's credit file after the furnisher responded, "Delete account." (CDF REPORT # 0497-3857-86; ACDV No. 0497385786001).

32. On February 3, 2025, Plaintiff opened disputes for the two Dept. of Education accounts and a LVNV Funding account (No. 470793054256) on the Experian app.

33. The LVNV Funding account (No. 470793054256) has a different account number as the LVNV Funding account (No. 444796267436).

34. Plaintiff did not include or attach any documents for the three disputes opened on February 3, 2025.

35. On February 21, 2025, the two U.S. Department of Education accounts (No. 4681) were verified as accurate after MAXIMUS Federal Services, Inc. responded, "Account information accurate as of date reported. No changes." (CDF REPORT # 0410-8951-48; Ex. E, ACDV Nos. 0410895148003, 0410895148004).

36. On April 13, 2025, Plaintiff opened another dispute on the Experian app for the LVNV Funding account (No. 470793054256).

37. Plaintiff did not include or attach any documents for the LVNV Funding account (No. 470793054256) dispute on January 7, 2025.

38. On May 5, 2025, the LVNV Funding account (No. 470793054256) was verified as accurate after Resurgent Capital Services LP responded, "Disputed information accurate." (CDF REPORT # 3656-6453-84; ACDV No. 3656645384001).

39. Plaintiff can not confirm that Experian's reinvestigations were not completed within 30 days. (Ex. C at No. 12).

40. Plaintiff admitted that Experian provided consumer disclosures when requested. (Ex. C at No. 11).

41.    Plaintiff does not claim that any of the disputed accounts do not belong to her. (Ex. B at No. 12).

42.    Plaintiff does not contend that any reported balance is incorrect. (Ex. B at No. 12).

43.    Capital One verified the accuracy of the Capital One account (No. ending 4693) on January 16, 2025. (ACDV No. 2900748484001).

44.    The two U.S. Department of Education entries (No. 4681) reflect separate Direct Loans disbursements with original amounts of $3,984 and $7,106. (CDF Report # 0410-8951-48)

45.    MAXIMUS Federal Services, Inc. independently verified both U.S. Department of Education accounts as accurate on February 14, 2025. (ACDV Nos. 0410895148003, 0410895148004).

46.    The Midland Credit Management account was deleted from Plaintiff's file on January 31, 2025. (CDF Report # 0497-3857-86).

47.    Plaintiff was not denied insurance because of her credit report. (Ex. C at No. 4).

48.    Plaintiff was not denied employment because of her credit report. (Ex. C at No. 5).

49.    Plaintiff does not have any documents reflecting humiliation, emotional distress, or mental anguish, and she has not produced any documents with respect to these allegations. (Ex. A at. No. 21).

50.    Plaintiff intends to rely solely on her own testimony regarding emotional distress. (Ex. A at No. 21).

51.    Plaintiff's out-of-pocket expenses are limited to mailing, printing, copying, paper, and ink costs. (Ex. C at No. 7).

52.    Plaintiff froze her Experian credit file on November 5, 2024. (Compl., Count I, ¶ 4; Compl. Ex. B, ECF No. 1-4)

53.    Plaintiff locked her Experian credit file on December 18, 2024. (Compl., Count I, ¶ 4; Compl. Ex. B, ECF No. 1-4).

54.    Plaintiff does not know if Experian disclosed her credit report to third parties while her file was frozen or locked, and she has no evidence as to whether Experian disclosed her credit report to third parties while her file was frozen or locked. (Ex. C at No. 10)

55.    Plaintiff has no evidence of any agreement, conspiracy, or concerted action among Experian and the other credit reporting agencies, and she has not produced any documentation with respect to these allegations. (*See* Ex. C)

Dated: July 6, 2026                     VENABLE LLP

                                        /s/ Patrick T. Kalbac
                                        Patrick T. Kalbac, Esq.
                                        Florida Bar No. 1011649
                                        801 Brickell Ave, Suite 1500
                                        Miami, FL 33131
                                        Telephone: (305) 372-2474
                                        Email: ptkalbac@venable.com
                                        *Counsel for Defendant Experian*
                                        *Information Solutions, Inc.*

## Local Rule 3.01(g) Certificate

Counsel for the movant has conferred with the Pro Se Plaintiff and Plaintiff opposes Experian's proposed agreed material facts.

Dated July 6, 2026.                     Respectfully submitted,

                                        VENABLE LLP
                                        *Attorney for Experian Information Solutions, Inc.*
                                        801 Brickell Avenue, Suite 1500
                                        Miami, Florida 33131
                                        Telephone: (305) 349.2300
                                        Facsimile: (305) 349.2310

                                        By:  /s/ *Patrick T. Kalbac*
                                            Patrick T. Kalbac
                                            Florida Bar No. 1011649
                                            ptkalbac@venable.com

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of July, 2026, a true and correct

copy of the foregoing was served via U.S. Mail, postage prepaid, upon the following:

> Vanessa A. Romero Reyes
> 4859 Cherokee Rose Drive
> Orlando, FL 32808
> *Pro Se Plaintiff*

/s/ Patrick Kalbac
Patrick T Kalbac

10