UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


VANESSA ADELA ROMERO
REYES,

        **Plaintiff,**

v.                                                         **Case No: 6:25-cv-1068-PGB-LHP**

EXPERIAN INFORMATION
SOLUTIONS INC. and
TRANSUNION LLC,

        **Defendants.**

_____/

## ORDER

This cause comes before the Court on Defendant Experian Information

Solutions Inc.'s ("**Experian**") Statement of Undisputed Material Facts. (Doc. 102

(the "**Statement**")). Upon consideration, Experian's Statement and its

corresponding Motion for Summary Judgment (Doc. 103 (the "**Motion for**

**Summary Judgment**")) are due to be stricken.

The Court's Third Amended Case Management and Scheduling Order (Doc.

81 (the "**CMSO**")) requires the following as to any motion for summary judgment

filed by the parties:

> Fourteen (14) days before a party files a motion for summary
> judgment, counsel for all parties affected by the motion shall
> meet and confer to create a Stipulation of Agreed Material
> Facts ["**Stipulation**"] which will be deemed admitted for the
> purpose of the motion. The Stipulation shall be filed with the
> Court. A motion for summary judgment shall specify the
> stipulated material facts pertinent to the resolution of the

> motion, and shall be accompanied by a memorandum of law, affidavits and other evidence in the form required by Federal Rule of Civil Procedure 56. The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five (25) pages. Local Rule 3.01(a). Each party opposing a motion for summary judgment shall file and serve, within **twenty-one (21) days** after being served with such motion, a legal memorandum with citation to authorities in opposition to the relief requested of not more than **twenty (20) pages**. *Id.* The memorandum in opposition shall specify the stipulated material facts pertinent to the resolution of the motion, and shall be accompanied by affidavit(s) and other evidence in the form required by Federal Rule of Civil Procedure 56. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact. General references to a deposition are inadequate. The Court will accept a ten (10) page reply without leave of Court. The reply shall be limited to addressing issues raised by the opposing party that have not already been addressed in the motion. The reply shall be filed within **fourteen (14) days** after the response is served.

(*Id.* at pp. 8–9).

On July 6, 2026, Experian filed the Statement and Motion for Summary Judgment. (Docs. 102, 103). Although Experian's Statement is titled to suggest the facts included therein are "[u]ndisputed," the Statement contains a Local Rule 3.01(g) Certification that discloses "[c]ounsel for the movant has conferred with the Pro Se Plaintiff [Vanessa Adela Romero Reyes ("**Plaintiff**")] and Plaintiff opposes Experian's proposed agreed material facts." (Doc. 102, p. 9).

Ultimately, the requirement to create and file a Stipulation is not found within the Local Rules but was instead imposed by the Court through the CMSO. (Doc. 81, pp. 8–9). However, Experian does not describe any attempt to arrive at a Stipulation containing facts that could be agreed upon by the parties, but instead

simply indicates that Plaintiff "opposes" the list of facts "proposed" by Experian. (Doc. 102, p. 9). Experian's aforementioned course of action does not suffice to meet the conferral requirements imposed by the CMSO. (*See* Doc. 81, pp. 8–9).

Accordingly, Experian's Statement (Doc. 102) and Motion for Summary Judgment (Doc. 103) are hereby **STRICKEN**. The Court **DIRECTS** the parties to meet and confer in a good faith effort to create a Stipulation of Agreed Material Facts in compliance with the CMSO on or before **July 22, 2026**. Upon compliance with the requirements set forth in the CMSO, Experian may then file a motion for summary judgment on or before **August 5, 2026**.[1] If filed, Plaintiff and Experian may respond and reply, respectively, within the time constraints provided by Local Rule 3.01 and the CMSO.

**DONE AND ORDERED** in Orlando, Florida on July 8, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Yesterday, the Court granted Experian's request for an extension of the dispositive motions deadline. (Doc. 104). Therein, noting Experian had timely filed the Motion for Summary Judgment while its request to extend the dispositive motions deadline was pending, the Court provided Experian with leave to file an amended motion for summary judgment on or before July 21, 2026, should it deem such amendment to be appropriate. (*See id.*). The Court notes that the deadline provided herein supersedes the extended deadline provided in the Court's earlier Order. An additional brief extension is necessary for the parties to complete the conferral process required by the CMSO and for Experian to file a motion for summary judgment that complies with the CMSO's requirements. (*See* Doc. 81, pp. 8–9).